[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Housing Authority of the city of New London, by its amended complaint dated November 15, 1996, brings a two-count writ against the defendants, Maria Santiago and Pedro Morocho. Count one of the amended complaint claims violation of the lease agreement by the defendants keeping a dog on the premises without the written approval of the lessor. Count two of the amended complaint claims that the plaintiff adopted a regulation banning all dogs on the premises in accordance with Connecticut General statutes § 47a-9 (a)(1) through (5), and that the defendants failed to remove the dog pursuant to that regulation.
The Court finds that the plaintiff properly served a notice to quit and that the plaintiff, in substance, complied with the notice requirements of § 47a-15 and § 47a-23. See Jefferson Garden Associates v. Green, 202 Conn. 128, 143
CT Page 242 (1987).
The KAPA notice to the defendants advised the defendants that they were keeping the dog in violation of the terms and conditions of their lease. While the notice did not specifically inform the defendants that they were violating the policy prohibiting dogs, the curative section clearly indicated that removal of the dog would be the remedy.
Count one of the plaintiff's amended complaint alleges a violation of the lease agreement without reference to the new regulation banning all dogs.
During the time that dogs were allowed at the discretion of the Authority, permission would be granted, if at all, upon compliance with eight preconditions. Those preconditions were as follows: (1) all requests must be in writing; (2) all dogs are to be on a leash when outside and must not create a disturbance either outside or inside; (3) tenants must provide (a) proof of inoculation and neutering/spaying, (b) proof of proper licensing in New London, (c) copy of property damage and liability insurance coverage; (4) tenant agrees that any dog creating a problem will be immediately removed; (5) any tenant having a dog will be present for maintenance personnel; (6) the tenant is solely responsible for cleaning up the yard after the dog; (7) failure to comply may or will lead to eviction; (8) written permission will be given when all requirements have been met.
The evidence in the instant case does not show that written permission was ever given. It does, however, appear that oral permission may have been given. Subsequent to that oral permission, there is testimony from neighbors and the property manager who resides on the property that the subject dog created disturbances both inside the premises, by constantly barking, and outside the premises. The dog has, on occasion, run free throughout the property. Neighbors testified that the dog is intimidating and terrorizes adults and children. No updated vaccinations or proof of insurance was provided to the Housing Authority as of the date of the writ. The dog was not properly licensed until November 26, 1996.
The Court finds that while some of the foregoing facts are in dispute, there is sufficient evidence of noncompliance with the conditions for maintaining a dog on the premises to warrant the eviction of the defendants even if oral permission to CT Page 243 keep the dog was, in fact, given and qualifies as the equivalent of written permission. The Court finds that, upon refusal of the tenants to dispose of the dog, there are sufficient grounds for eviction even in the absence of the subsequent regulation entirely prohibiting dogs.
As to the total prohibition on the dogs, there is no serious argument that the plaintiff complied with Connecticut General Statutes § 47a-9, which permits a landlord to adopt regulations without the consent of the tenant. These regulations may be adopted only if: (1) the purpose of the rule or regulation is to promote convenience, safety or welfare of the tenants in the premises, preserve the landlord's property from abusive use or make a fair distribution of services and facilities held out for all tenants generally; (2) the rule or regulation is reasonably related to the purpose for which it is adopted; (3) the rule or regulation applies to all tenants in a fair manner; (4) the rule or regulation is sufficiently explicit in its prohibition, direction or limitation of the tenant's conduct to fairly inform him of what he shall or shall not do to comply; and (5) the tenant has notice of the rule or regulation at the time he enters into the rental agreement or when the rule or regulation is adopted.
The defendants do not seriously contest that the requirements for the adoption of a regulation under General Statutes § 47a-9 are present in the instant case. Rather, the defendants argue, first, that under their original lease no modifications could be made unless agreed to by the parties in writing, so § 47a-9 is simply inapplicable to the present situation. Secondly, the defendants argue that the prohibition on dogs is a "substantial change" not allowed unilaterally under the provisions of § 47a-9.
The Court recognizes that eviction for mere termination of tenancy is not allowed in the type of public housing that is before the Court in the instant case. Further, it was clear at the trial of this matter that, after the tenants' initial lease, usually for a period of one year, the lease is automatically renewed for a series of month-to-month tenancies. Since the public housing authority may not terminate for termination of tenancy, it appears to the Court that the authority has no real way to change the conditions of occupancy unless they either obtain the consent of the tenant or make a change in accordance with § 47a-9. CT Page 244
The fact that the Housing Authority exercised its discretion to ban all dogs from the premises, combined with the Court's conclusion that the conditions of § 47a-9 were met in the instant case, leads the Court to find that prohibition on dogs is not a "substantial change" prohibited by § 47a-9 and the lease, by its terms, does not make § 47a-9 inapplicable.
As indicated to the parties at the time of the trial of this matter, the Court recognizes the hardship presented to the defendants in choosing between the alternatives of eviction or disposal of the animal. Accordingly, the Court renders judgment granting the housing authority possession and occupancy, but finds that the premises are used for dwelling purposes and that the defendants cannot secure suitable premises elsewhere within the city or town, or in a city or town adjacent thereto in a neighborhood reasonably comparable to that in which the premises occupied by the defendants are situated. Furthermore, if the defendants abide by and comply with the terms and provisions which the Court prescribes, such terms and provisions being the rules and regulations of the Housing Authority, as well as the payment of reasonable use and occupancy, excluding compliance with the requirement prohibiting the keeping of an animal, and the judgment for possession and occupancy is stayed until the 15th day of June, 1997.
Kevin E. Booth, J.